PEDRO GANDÍA-CÓRDOVA, Plaintiff and Appellant, v. PORTO RICO FERTILIZER Co., Defendant and Appellee.

No. 4226. Argued March 13, 1928.—Decided July 24, 1928.

Juan B. Soto for the appellant. F. Ochoteco Jr. and J. H. Brown for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The complainant and appellant in this case asked the district court to name a master (árbitro) to determine the amount of dividends which the complainant ought to receive in accordance with a prior judgment of the court. The defendant at first objected, but finally accepted. A master was

named who, after a due order of the court, filed a report. Upon receipt of the report the District Court of San Juan rendered judgment in favor of the complainant. A motion to set aside the judgment was filed and granted and the appeal is taken from that order.

In his first assignment of error the appellant insists that the law and practice of Porto Rico in a case like the present requires a motion for a new trial and not a motion to set aside a judgment. As we hold no motion for a new trial was necessary we shall not consider whether the motion filed was equivalent to a motion for a new trial or whether the proponent complied with the procedure customary or necessary in case of a motion for a new trial.

The appellant says that this was a judgment rendered after a report of a referee and that such an issue of fact requires a motion for new trial under section 220 of the Code of Civil Procedure. If the motion to set aside the judgment had in itself purported to examine only the facts passed upon by the master there might be some force in appellant's position. The motion was designed, however, mainly to set aside a premature, if not to say illegal, entry of judgment after the master made his report. New trials, by the definition contained in section 220, do not take place when the court has entered an illegal or erroneous judgment. A simple case will clarify the idea. The court, after a trial, grants the parties time to file briefs and before the time expires, under a mistake, renders judgment. Although facts are ultimately involved a motion for a new trial is improper. One may even say that in either case the motion to set aside is based not on a wrong appreciation of facts, but because the moment to render judgment had not arrived. No issue of fact is necessarily involved.

There is no question that a motion to set aside the judgment was an appropriate one if said judgment was prematurely or illegally entered. We are so satisfied that this is true that we shall content ourselves with the citations taken

from the brief of the appellee. From 15 R.C.L. 604, the judgment must be responsive to the pleadings and the proof. 34 C. J. 253–255. Freeman on Judgments, section 194, states the familiar proposition that the control of the courts over their judgments is inherent, may be exercised without special authority and that statutes regulating or limiting motions for a new trial have no application. In one form or other this court has said the same thing. *Aguayo* v. *García,* 34 P.R.R. 491; *Goldsmith* v. *Villari,* 27 P.R.R. 726; *Marvin & Jones* v. *Torres et al.,* 19 P.R.R. 46; *González* v. *Santini & Co.,* 26 P.R.R. 489.

If under section 140 of the Code of Civil Procedure the court may set aside a judgment to remedy a mistake or default of a party it would be absurd to suppose that the court did not have a similar direct power over its own mistakes or defaults.

Under the second assignment the parties discuss the reasons why the court made the mistake, if one there was. The reasons are unimportant if a mistake was made. The court thought it was proceeding under section 210 of the Code of Civil Procedure which provides:

"The finding of the referee upon the whole issue must stand as the finding of the court, and upon filing the findings with the secretary of the court, judgment may be entered thereon in the same manner as if the action had been tried by the court."

Section 211, however, says:

"The findings of the referee may be excepted to and reviewed in like manner as if made by the court. When the reference is to report the facts, the findings reported have the same effect as of a special verdict."

The two sections taken together show that in general an opportunity should be given to except to the findings of a referee. None was given in this case.

The court was not mistaken in saying that the master and referee in this case made his report without giving the par-

618

ties a chance to intervene. The mere fact that the referee called in certain witnesses or made his investigations in the office of the defendant or similar matters is not the equivalent of a notice and hearing. Perhaps in certain cases a notice and a hearing on the part of the referee is not neccessary, but they did not take place here. The citations of cases where attorneys are estopped from denying that they had knowledge of the fact that testimony was to be taken can not affect the case where there is no showing that the referee ever formally intended to have any such hearing. See *Carrasquillo* v. *Bertrán,* 29 P.R.R. 897.

The appellant insists that in any case the report should have been allowed to stand for what it was worth. We have examined the report and find that the referee not only entered into a consideration of dividends already declared, but also of dividends that might or should have been declared. The setting aside of the report, after the judgment was opened, was in the sound discretion of the court below, once it became convinced that the report was either based on false premises or unreliable.

As the report was annulled we do not find it necessary to inquire into the question of how far it exceeded the issues. The court will be free to take the steps necessary to arrive at the truth of the said issues, the resolution appealed from will be affirmed and the case sent back for further proceedings not inconsistent with this opinion.